IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAVONDAS V. YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-CV-378-WDS |
| ) | |
| ALTON MENTAL HEALTH CENTER, ) | |
| BARBARA AUSTON, KAREN KLUNK, ) | |
| and ANITA BRAZIL, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**STIEHL, District Judge:**

Before the Court are pro se plaintiff LaVondas V. Young's motions for leave to proceed *in forma pauperis* (Doc. 2), recruitment of counsel (Doc. 3), and service of process at government expense (Doc. 4). This is an employment-discrimination case. Plaintiff alleges that defendants Alton Mental Health Center, Barbara Auston, Karen Klunk, and Anita Brazil discriminated against her based on her race and sex in violation of Title VII of the Civil Rights Act of 1967, 42 U.S.C. § 2000e-5, and 42 U.S.C. § 1981.

Regarding the motion for leave to proceed *in forma pauperis*, a federal court may authorize the commencement of a civil case without the prepayment of fees or security if the plaintiff submits an affidavit that includes a statement of all assets she possesses and showing that she is unable to pay the fees or give a security. 28 U.S.C. § 1915(a)(1). "The privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within a district court's discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The court must determine whether the plaintiff could pay the fees and still be able

to provide herself and her dependents "'with the necessities of life.'" *Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). The court must dismiss the case, however, if it determines that the plaintiff's allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. § 1915(e)(2); *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

The Court first considers whether plaintiff is unable to pay the fees or security to commence this case. She is currently unemployed. She has received income in the past 12 months, but she does not disclose how much, the source of the money, or whether she expects to receive more. She has $41,000 in a money-market account. Under property she owns, including real estate, she says she is a "home resident." She does not include a mortgage payment or rent among her expenses. She does say, though, that she pays real-estate taxes every year. The Court therefore assumes she owns her home. Her monthly expenses include food ($240), transportation ($100), utilities ($300), phone ($130), medication ($200), and household items ($60). She has $2,800 in credit-card debt.

The cost of filing a civil case is $350. *See* 28 U.S.C. § 1914(a).[1] Given plaintiff's assets and financial position, despite being unemployed at this time, the Court does **NOT FIND** that she is truly impoverished and would remain without legal remedy if she is not permitted to proceed *in forma pauperis*. Therefore, plaintiff's motion will be denied. The Court need not consider the other parts of § 1915(e)(2), such as whether plaintiff fails to state a claim.

Plaintiff also moves for service of process at government expense. "[T]he court may order that service be made by United States marshal … or by a person specially appointed by the court. The court *must* so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 … ." Fed. R. Civ. P. 4(c)(3) (emphasis added).

---

[1] Plaintiff filed this case before May 1, 2013, so the new $50 administrative fee does not apply.

Since plaintiff has not been authorized to proceed *in forma pauperis*, the Court is not required to order service, and plaintiff's motion will be denied. Plaintiff can avoid the costs of formal service by requesting a waiver from defendants. *See* Fed. R. Civ. P. 4(d). The Clerk of Court is **DIRECTED** to send plaintiff Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons and Form 6 (Waiver of Service of Summons) with a copy of this order.

Plaintiff asks the Court to recruit counsel for her because she has found their attorneys' fees to be very high, and she is unemployed. There is no right to counsel in civil cases. *E.g.*, *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Under § 1915(e)(1), "[a] court may request an attorney to represent any person unable to afford counsel." The decision whether to request a pro bono attorney is "left to the district court's discretion." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). The court should ask whether the indigent plaintiff has made a reasonable attempt to obtain counsel, or been effectively precluded from doing so; and, if so, whether the plaintiff appears competent to litigate the case herself, given the difficulty of the case. *Pruitt*, 503 F.3d at 654; *accord Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). Here, the Court's form for recruitment of counsel tells plaintiff to describe in detail everything she has done to try to get an attorney and to attach any documents that show she has tried to find an attorney. But plaintiff does not include any information. The space is blank. The Court therefore **FINDS** that plaintiff has not made a reasonable attempt to obtain counsel. Her motion for recruitment of counsel will be denied. Plaintiff may file a new motion if she is unable to find an attorney after putting forth more effort.

**IT IS THEREFORE ORDERED** that plaintiff's motions for leave to proceed *in forma pauperis* (Doc. 2), recruitment of counsel (Doc. 3), and service of process at government expense (Doc. 4) are **DENIED**. Plaintiff must pay the Court's filing fee **by June 10, 2013,** or risk dismissal of her case for failure to prosecute. *See* Fed. R. Civ. P. 41.

Since she is proceeding pro se, plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and defendants informed of any change in her address. A notice of change of address must be filed within seven days of any such change occurring. Failure to do so will cause a delay in the transmission of court documents and may result in dismissal of her case for failure to prosecute. *See* Fed. R. Civ. P. 41.

**IT IS SO ORDERED.**

**DATED: May 10, 2013**

                                                 **/s/ WILLIAM D. STIEHL**
                                                   **DISTRICT JUDGE**